IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**LEAH LAFAYETTE,**                                                      **PETITIONER**

**V.**                                                **CIVIL ACTION NO.: 1:14CV100-SA-JMV**

**MDOC, et al.,**                                                      **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of Leah Lafayette, Mississippi inmate number 120744, for a writ of habeas corpus under 28 U.S.C. § 2254. Respondents have moved to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244, and Lafayette has failed to respond to the motion. For the reasons set forth below, Respondents' motion is granted, and the instant petition will be dismissed with prejudice.

**Facts and Procedural History**

On May 11, 2006, Leah Lafayette, Petitioner, pleaded guilty to armed robbery and aggravated assault in the Circuit Court of Lowndes County, Mississippi, and was sentenced to serve consecutive terms of imprisonment of thirty years for armed robbery and ten years for aggravated assault. On or about December 30, 2010, Lafayette filed a motion for post-conviction relief in the Circuit Court of Lowndes County in Cause No. 2011-0005-CV-1. That motion was denied on March 1, 2011. Lafayette subsequently sought federal habeas relief. Her federal habeas petition was stamped "filed" in this Court on June 2, 2014.

On August 5, 2014, Respondents filed a motion to dismiss the instant action, arguing that the petition is untimely under 28 U.S.C. § 2244(d). While Lafayette has not filed a response to Respondents' motion, she argues in her petition that she was never advised by her attorney of the applicable statute of limitations.

## Legal Standard

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondents' motion should be granted turns on the statue's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

## Analysis

Under Mississippi law, there is no direct appeal from a guilty plea. *See* Miss. Code Ann.

§ 99-35-101. For guilty pleas taken prior to July 1, 2008, however, the Mississippi Supreme Court carved out an exception, allowing an appeal from a guilty plea within thirty days when the issues concern an alleged illegal sentence. *See, e.g., Burns v. State*, 344 So. 2d 1189 (Miss. 1977); *see also Seal v. State*, 38 So. 3d 635 (Miss. Ct. App. 2010). Giving Lafayette the benefit of the exception in place at the time of her plea, Lafayette's conviction became final on June 12[1], 2006, thirty days after she was sentenced on her guilty plea. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (holding that a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review").[2] Therefore, Lafayette must have filed a "properly filed" application for post-conviction relief on or before June 12, 2007, to toll the limitations period, or her federal habeas petition would be filed too late. *See, e.g.*, 28 U.S.C. § 2244(d)(2).

Lafayette filed a "Motion for Post-Conviction Collateral Reliefs [*sic*]" in Lowndes County Circuit Court Cause No. 2011-0005-CV1, which she signed on December 30, 2010. (Respts' Mot. to Dismiss, Ex. A). On March 1, 2011, the court denied the motion as untimely and, alternatively, as without merit. (*Id.*, Ex. B). Because her post-conviction pleading was filed well after the expiration of the federal limitations period, Lafayette is not entitled to statutory tolling for the pendency of the her post-conviction action.

Lafayette's federal habeas petition was "filed" sometime between the date it was signed

---

[1] The thirty-day calculation from Lafayette's guilty plea produces a date of June 10, 2006, which was a Saturday. Respondents have deemed the convictions and sentences final on the following Monday, June 12, 2006. The Court likewise gives Lafayette the benefit of the later date.

[2] The exceptions in § 2244(d)(1)(B-D) are inapplicable in this case.

on May 27, 2014, and the date it was received by this Court on June 2, 2014. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (holding that the "mailbox rule" deems a pro se prisoner's petition filed on the date it is delivered to prison officials for mailing). As her federal habeas petition was filed over six years beyond the expiration of the AEDPA deadline, federal habeas relief is available to Lafayette only if she can demonstrate that her case involves "rare and exceptional circumstances" that would warrant an equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted). Equitable tolling is available "if the [petitioner was] actively misled by the defendant about the cause of action or [was] prevented in some extraordinary way from asserting h[er] rights." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citations omitted).

Lafayette maintains that, "due to ineffective assistance of counsel I was never advised that I could petition for relief of my judgment." (ECF No. 1, 10). However, Respondents have produced Lafayette's "Offender Log," which contains entries of Lafayette's legal mail and shows that she received a copy of the "First Step Packet" from the Inmate Legal Assistance Program ("ILAP") on October 4, 2006, and December 6, 2006. (Respts' Mot. to Dismiss, Ex. C). This packet provides an inmate with information on filing post-conviction motions. (*See id.*, Ex. D., Aff. of Gia McLeod, Director of ILAP).

The documents provided by Respondents demonstrate that Lafayette received information necessary to file her post-conviction motion on two separate occasions prior to the expiration of the federal limitations period. Therefore, her allegation that she was unaware of her right to petition for relief does not warrant equitable tolling. Moreover, she waited over three years after the trial court denied her post-conviction motion to file the instant federal

4

habeas petition, thereby failing to act with the diligence required to warrant the application of equitable tolling. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). Therefore, the Court finds equitable tolling is not warranted, and the instant petition must be dismissed as untimely.[3]

## Certificate of Appealability

Lafayette must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). A COA will not issue unless Lafayette has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Lafayette's petition for writ of habeas corpus is rejected on procedural grounds, she must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" in order to obtain a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied in this case.

## Conclusion

For the reasons set forth herein, the Court **GRANTS** Respondents' "Motion to Dismiss Pursuant to § 2244(d)" (ECF No. 6) and **DISMISSES** with prejudice the petition filed in this cause. The Court further **ORDERS** that a certificate of appealability be **DENIED**, as Lafayette failed to show her petition timely and to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A separate judgment in accordance with this

---

[3] Lafayette's petition is also procedurally barred, as she never appealed the decision denying her post-conviction motion to the Mississippi Supreme Court as is required to fully exhaust her State court remedies. *See* 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).

opinion and order will enter today.

**SO ORDERED** this the 23rd day of September, 2014.

 /s/ Sharion Aycock
**U.S. DISTRICT JUDGE**